In the Matter of Eugene J. Miller (Admitted as Eugene Miller), an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, April 30, 1970.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

No appearance by respondent.

*Per Curiam.* Respondent was admitted to the Bar in the December 1952 Term of the Second Department. He is charged with having neglected to prosecute a claim for property damage

---

5. No counterclaim for divorce or separation was asserted by the defendant in the action.

for which he had been retained and having subsequently abandoned his office in January of 1967, without notifying his clients and making any arrangements to prosecute their interests. Following the initiation of charges against him every effort was made to locate respondent and apprise him of the charges made. Letters were written to every possible source or lead, and all were returned. Respondent failed to answer or appear at the hearings and was not represented by counsel or otherwise.

The Referee has sustained the charges. The findings of the Referee are confirmed.

The Referee noted in his report that the disappearance without trace of respondent constituted a perplexing riddle, inasmuch as the record before him indicated that respondent was young, seemingly successful, with no record of previous discipline. He was reputed to be popular, had friends, and no known enemies. No foul play was indicated. There was no suggestion of turpitude, except the possible receipt of $250 as a retainer in connection with the first charge. Notwithstanding, the findings of the Referee now confirmed establish that respondent engaged in a course of conduct reflecting indifference to the interest of his clients who reposed their confidence in him. His failure to appear in this proceeding ostensibly further demonstrates respondent's " indifference to the consequences of an adverse determination ". (*Matter of Schner*, 5 A D 2d 599, 600.) However, there is a possibility that respondent is a victim of circumstances, and, therefore, we believe at this stage we should be inclined toward leniency. Professional standards must nevertheless be maintained, and towards that end we feel that respondent should be suspended for two years. (*Matter of Higgins*, 27 A D 2d 340.)

Upon any application for reinstatement, respondent will be required to explain his failure to appear and answer the charges.

STEVENS, P. J., EAGER, McGIVERN, NUNEZ and McNALLY, JJ., concur.

Respondent suspended for a period of two years, effective June 1, 1970.